**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAUREATUS GROUP, LLC,<br><br>     Plaintiff,<br><br> v.<br><br>UNITED STATES DEPARTMENT OF THE<br>TREASURY, et al.,<br><br>     Defendants. | Case No.: 1:22-cv-02103-RC |

**THE DEPOSITORY TRUST COMPANY AND THE DEPOSITORY TRUST &
CLEARING CORPORATION'S
<u>MOTION TO DISMISS THE COMPLAINT</u>**

   Pursuant to Federal Rule of Civil Procedure 12(b) and Local Civil Rule 7, Defendants The

Depository Trust Company and The Depository Trust & Clearing Corporation (collectively the

"DTCC Defendants"), by and through their undersigned counsel, respectfully move to dismiss all

counts asserted against the DTCC Defendants in the above-captioned matter, and for other and

further relief as the Court deems just and proper.  In support, the DTCC Defendants submit the

*Memorandum of Law in Support of The Depository Trust Company and The Depository Trust &*

*Clearing Corporation's Motion to Dismiss the Complaint*, dated November 1, 2022, which is

incorporated herein, and a Proposed Order, attached as Exhibit 1.

Dated: November 1, 2022

Respectfully submitted,

**PROSKAUER ROSE LLP**

By: */s/ Margaret A. Dale*
    Margaret A. Dale*
    Timothy E. Burroughs*
    11 Times Square
    New York, NY 10036
    Tel: (212) 969-3000
    mdale@proskauer.com
    tburroughs@proskauer.com

    *Admitted *pro hac vice*

By: */s/ Christopher E. Ondeck*
    Christopher E. Ondeck,
    1001 Pennsylvania Avenue, NW
    Suite 600 South
    Washington, DC 20004-2533
    Tel: (292) 416-5865
    Fax: (202) 416-6899
    COndeck@proskauer.com
    D.C. Bar No. 454014

    *Attorneys for Defendants*
    *The Depository Trust Company and*
    *The Depository Trust & Clearing*
    *Corporation*

## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

LAUREATUS GROUP, LLC,

             Plaintiff,

    v.

UNITED STATES DEPARTMENT OF THE
TREASURY, et al.,

             Defendants.

Case No.: 1:22-cv-02103-RC

## MEMORANDUM OF LAW IN SUPPORT OF THE DEPOSITORY TRUST COMPANY AND THE DEPOSITORY TRUST & CLEARING CORPORATION'S
## <u>MOTION TO DISMISS THE COMPLAINT</u>

## Table of Contents

PRELIMINARY STATEMENT ................................................................................................. 1

STATEMENT OF FACTS ...................................................................................................... 2

LEGAL STANDARD ............................................................................................................ 4

ARGUMENT ....................................................................................................................... 5

**I.   The Court Lacks Subject Matter Jurisdiction over Plaintiff's APA and FTCA Claims and the Petition for Mandamus Since the DTCC Defendants are Neither Federal Agencies Nor Part of the Federal Government.** ............................................................................ 6

    **A.**   Plaintiff's APA Claims Should be Dismissed. .......................................................... 6

    **B.**   The DTCC Defendants are Not Proper Defendants under the FTCA. ....................... 7

    **C.**   The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Request for a Writ of Mandamus Against the DTCC Defendants. ............................................................................ 8

**II.   Laureatus's Claims are Time-Barred.** ...................................................................... 9

**III.   Laureatus's Constitutional and *Bivens* Claims Are Also Subject to Dismissal Under Rule 12(b)(6) Since Plaintiff Has Failed to Plead Sufficient Facts to Establish State Action by the DTCC Defendants.** ........................................................................................... 11

    **A.**   Plaintiff's Constitutional Claims (Counts I and II) Should be Dismissed. ................. 11

    **B.**   Plaintiff's *Bivens* Claim Should be Dismissed. ....................................................... 16

**CONCLUSION** .................................................................................................................. 18

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*118 E. 60th Owners, Inc. v. Bonner Props., Inc.*,
   677 F.2d 200 (2d Cir. 1982)......................................................................................10

*Adickes v. S. H. Kress & Co.*,
   398 U.S. 144 (1970)...................................................................................................16

*Allgeier v. United States*,
   909 F.2d 869 (6th Cir. 1990) .......................................................................................8

*Am. Mfrs. Mut. Ins. Co. v. Sullivan*,
   526 U.S. 40 (1999).....................................................................................................16

*Arbaugh v. Y&H Corp.*,
   546 U.S. 500 (2006).....................................................................................................4

*Armstrong v. Bush*,
   924 F.2d 282 (D.C. Cir. 1991) .....................................................................................7

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)................................................................................5, 14, 16, 17

*Bartlett v. Overslaugh*,
   169 F. Supp. 3d 99 (D.D.C. 2016)............................................................................10

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007).....................................................................................................5

*Berman v. Crook*,
   293 F. Supp. 3d 48 (D.D.C. 2018)............................................................................17

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*,
   403 U.S. 388 (1971)...............................................................................................4, 17

*Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*,
   531 U.S. 288 (2001)...................................................................................................16

*C.A.R. Leasing, Inc. v. First Lease, Inc.*,
   394 F. Supp. 306 (N.D. Ill. 1975) .............................................................................14

*Cohen v. Wash. Metro. Area Transit Auth.*,
   No. 21-cv-2370-TJK, 2021 U.S. Dist. LEXIS 218362 (D.D.C. Nov. 11, 2021)................9, 11

*Colbert v. Georgetown Univ.*,
   641 A.2d 469 (D.C. 1994) (en banc) .................................................................10

*Comm. of U.S. Citizens Living in Nicaragua v. Reagan*,
   859 F.2d 929 (D.C. Cir. 1988) ........................................................................12

*Corr. Servs. Corp. v. Malesko*,
   534 U.S. 61 (2001) ..........................................................................................17

*Corus Grp. PLC v. Int'l Trade Comm'n*,
   352 F.3d 1351 (Fed. Cir. 2003) .........................................................................6

*Cox v. Sec'y of Labor*,
   739 F. Supp. ................................................................................................6, 8

*Doe v. U.S. Dep't of Justice*,
   753 F.2d 1092 (D.C.Cir. 1985) .........................................................................9

*Farkas v. Ellis*,
   780 F. Supp. 1013 (S.D.N.Y.),
   *aff'd*, 979 F.2d 845 (2d Cir. 1992) ....................................................................6

*Firestone v. Firestone*,
   76 F.3d 1205 (1996) ......................................................................................11

*Flagg Bros. v. Brooks*,
   436 U.S. 149 (1978) ......................................................................................14

*Grand Lodge of the Fraternal Order of Police v. Ashcroft*,
   185 F. Supp. 2d 9 (D.D.C. 2001) .......................................................................5

*Grogan v. Blooming Grove Volunteer Ambulance Corps.*,
   768 F.3d 259 (2d Cir. 2014) ...........................................................................14

*Guesnon v. McHenry*,
   539 F.2d 1075 (5th Cir. 1976) ...........................................................................7

*Hajjar–Nejad v. George Washington Univ.*,
   873 F. Supp. 2d 1 (D.D.C. 2012) .....................................................................13

*Hoai v. Vo*,
   935 F.2d 308 (D.C. Cir. 1991) .........................................................................15

*Johnson v. Veterans Affs. Med. Ctr.*,
   133 F. Supp. 3d 10 (D.D.C. 2015) .....................................................................8

*Kowal v. MCI Commc'ns Corp.*,
   16 F.3d 1271 (D.C. Cir. 1994) ...........................................................................2

*LaRouche v. Fowler*,
    152 F.3d 974 (D.C. Cir. 1998) ............................................................................... 14

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) .................................................................................................. 4

*Lyles v. Hughes*,
    964 F. Supp. 2d 4 (D.D.C. 2013) ........................................................................... 12

*McKinney v. Caldera*,
    141 F. Supp. 2d 25 (D.D.C. 2001) ........................................................................... 7

*Merrick Gables Ass'n, Inc. v. Town of Hempstead*,
    691 F. Supp. 2d 355 (E.D.N.Y. 2010) ................................................................... 12

*Meskunas v. Auerbach*,
    No. 17-CV-9129-VB, 2019 WL 719514 (S.D.N.Y. Feb. 20, 2019) ......................... 10

*Miller v. Downtown Bid Servs. Corp.*,
    281 F. Supp. 3d 15 (D.D.C. 2017) ......................................................................... 11

*Minima v. N.Y.C. Emps.' Ret. Sys.*,
    No. 11-CV-2191, 2012 WL 4049822 (E.D.N.Y. Aug. 17, 2012) ............................. 9

*Minneci v. Pollard*,
    565 U.S. 118 (2012) ................................................................................................ 17

*Mwabira-Simera v. Howard Univ.*,
    692 F. Supp. 2d 65 (D.D.C. 2010) ...................................................................... 6, 7

*Nader v. McAuliffe*,
    593 F. Supp. 2d 95 (D.D.C.),
    *aff'd*, No. 09-7003, 2009 WL 4250615 (D.C. Cir. Oct. 30, 2009) ............... 13, 14, 15

*Nat'l Collegiate Athletic Ass'n v. Tarkanian*,
    488 U.S. 179 (1988) ................................................................................................ 13

*New York v. Atl. States Marine Fisheries Comm'n*,
    609 F. 3d 524 (2d Cir. 2010) ................................................................................... 7

*Perpetual Sec., Inc. v. Tang*,
    290 F.3d 132 (2d Cir. 2002) ..................................................................................... 6

*Polanco v. U.S. Drug Enforcement Admin.*,
    158 F.3d 647 (2d Cir. 1998) ................................................................................... 17

*Potts v. Howard Univ. Hosp.*,
    623 F. Supp. 2d 68 (D.D.C. 2009) ........................................................................... 9

*Robbins v. N.Y. Corn & Soybean Growers Ass'n, Inc.*,
　244 F. Supp. 3d 300 (N.D.N.Y. 2017) .......................................................6, 7, 8, 9

*Rosette, Inc. v. United States*,
　141 F.3d 1394 (10th Cir. 1998) ....................................................................10

*Shelley v. Kraemer*,
　334 U.S. 1 (1948) .........................................................................................12

*Sloan v. Truong*,
　73 F. Supp. 2d 823 (S.D.N.Y 2008) ...............................................................9

*State v. Seventh Regiment Fund, Inc.*,
　98 N.Y.2d 249 (N.Y. 2002) ..........................................................................10

*Trazell v. Wilmers*,
　975 F. Supp. 2d 133 (D.D.C. 2013) ..........................................................12, 13

*United States v. Classic*,
　313 U.S. 299 (1941) .....................................................................................13

*Walsh v. Comey*,
　118 F. Supp. 3d 22 (D.D.C. 2015) ..................................................................4

*West v. Atkins*,
　487 U.S. 42 (1988) .......................................................................................13

*Woytowicz v. George Washington Univ.*,
　327 F. Supp. 3d 105 (D.D.C. 2018) ...............................................................17

*Yukon-Kuskokwim Health Corp. v. United States*,
　444 F. Supp. 3d 215 (D.D.C. 2020) ...............................................................10

STATUTES

5 U.S.C. § 551 ................................................................................................6

5 U.S.C. § 706 ................................................................................................6

28 U.S.C. § 1346 ............................................................................................8

28 U.S.C. § 2679 ............................................................................................8

28 U.S.C. § 1361 .........................................................................................8, 9

28 U.S.C. § 2401 ............................................................................................9

42 U.S.C. § 1983 .......................................................................................12, 13

vi

D.C. Code § 12–301(8) ..................................................................................................9

Securities Exchange Act of 1934 ..................................................................................7

**OTHER AUTHORITIES**

*Black's Law Dictionary* 1591 (9th ed. 2009) ...........................................................12

Fed. R. Civ. P. 12 ................................................................................................ passim

N.Y. C.P.L.R. 214 ........................................................................................................9

U.S. Const. amend.  IV ...............................................................................................12

U.S. Const. amend.  V ................................................................................................12

The Depository Trust Company ("DTC") and The Depository Trust & Clearing Corporation ("DTCC") (collectively the "DTCC Defendants") respectfully submit this memorandum of law in support of their motion to dismiss the complaint (ECF No. 1) (the "Complaint") of Laureatus Group, LCC ("Laureatus" or the "Plaintiff"), pursuant to Fed. R. Civ. P. 12(b)(1) and (6).

## PRELIMINARY STATEMENT

Laureatus's Complaint is better suited for a mystery novel than a court of law.  Laureatus claims to be chasing an alleged $700 billion investment that "disappeared" eighteen years ago after allegedly being transferred from the Bank of Taiwan to an American company.  The complaint does not identify a single thing that the Plaintiff has done in the last eighteen years to notify the DTCC Defendants of the claim or recover the allegedly missing funds.  Laureatus now blames the disappearance on a variety of US Government actors who—at an unspecified time, in an unspecified manner, and for an unspecified reason—seized the funds without notification to any of the parties involved with the alleged transfer.  The DTCC Defendants find themselves embroiled in the case despite Laureatus' failure to identify *any* acts taken by DTC or DTCC regarding the alleged transfer or to allege facts to demonstrate that such acts by the DTCC Defendants took place under the color of law or at the behest of the government.

To the contrary, in Paragraph 42 of the Complaint, Plaintiff concedes that "the Funds at issue did not come onto [sic] DTC's systems via Cede & Co. and were never book-entered by DTC."  Remarkably, despite this concession, DTC and DTCC are named defendants in the action, but the banks that allegedly held and/or processed the Funds are not parties.

The sloppy and haphazard Complaint has forced the DTCC Defendants to address multiple claims for which Plaintiff cannot hope to succeed.  The Complaint appears to allege, against all Defendants, claims including violation of Plaintiff's Fourth and Fifth Amendment rights,

1

violations of the Administrative Procedure Act ("APA"), violation of the Federal Tort Claims Act ("FTCA"), a *Bivens* action, a petition for a writ of mandamus, and an action for declaratory judgment.

DTC and DTCC are neither federal agencies nor part of the federal government—and Plaintiff does not allege otherwise.  Thus, as demonstrated below, this Court lacks subject matter jurisdiction to hear Plaintiff's claims against the DTCC Defendants under the APA, the FTCA, and the petition for mandamus.

Separately, all of the claims asserted against the DTCC Defendants are time-barred, as the claim accrued almost eighteen years ago.

Independently, Laureatus's claims, for violation of its Fourth and Fifth Amendment rights and the *Bivens* claim, fail since Plaintiff does not allege any facts that the DTCC Defendants were acting under the color of law or serving a traditional government function.  Without such allegations, Plaintiff has failed to plead a claim upon which relief may be granted.

For these reasons, the DTCC Defendants respectfully request the Court grant their motion and dismiss all Counts against them with prejudice and without leave to replead given that any amendment would be futile.

## **STATEMENT OF FACTS**[1]

Plaintiff alleges that approximately eighteen years ago, on or about November 4, 2004, the Bank of Taiwan initiated a transfer of approximately $700,000,000,000.00 ("$700 billion" or the "Funds") to the predecessor of Laureatus, Merchants International Holding Ltd. ("Merchants"). (Compl. ¶¶ 2, 9, 28.)  The transfer was alleged to have been facilitated by nonparty Wachovia

---

[1] For purposes of this motion, the facts set forth in the Complaint are deemed to be true.  *See Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

Securities (now Wells Fargo) via Automated Customer Account Transfer Services ("ACATS"). (*Id.* ¶¶ 2, 37.)  The Funds were allegedly part of a "two trillion, one-hundred billion U.S. dollars ($2,100,000,000,000.00) investment from a wealthy Taiwanese investor, Mr. Tien Chuan Wu." (*Id.* ¶ 26.)  According to the Complaint, Wachovia Securities never received the $700 billion.  (*Id.* ¶ 28.)

Plaintiff alleges that "the Funds were held up by a United States Government-issued chill or freeze order and action, which are generally imposed by the U.S. Treasury Department or the Federal Reserve on the handler of funds, such as a clearing facility."  (*Id.* ¶ 39.)  As a result of the chill or freeze, Laureatus claims "the Funds at issue did not come onto DTC's system ... and were never book-entered by DTC."  (*Id.* ¶ 42.)  Nonetheless, the Complaint alleges that "[a]t some point, the Funds were then moved from the Clearing Entities[2] to Defendant Treasury...."  (*Id.* ¶ 46.)

Plaintiff alleges it has been trying to recover the Funds "[f]or the last twelve years" (*id.* ¶ 6), placing its efforts somewhere in 2010 despite the fact that it claims the transfer occurred in November 2004 (*id.* ¶ 3), and that it received the assignment from the original claimant, Merchants, in November 2008 (*id.*, Ex. A at Attachment 8, ¶ 10).  Despite its unsuccessful efforts, Laureatus claims it did not file a lawsuit earlier because "Plaintiff relied on the assertions and instructions from different Government officials that Plaintiff was acting appropriately by negotiating the return of the funds through political channels instead of pursuing its claims in court, which Plaintiff was told would frustrate the officials' ability to facilitate the return of the Funds."  (*Id.* ¶ 50.)

---

[2] The "Clearing Entities" are defined as "Wachovia's intermediary back office operation entities, which included DTC, DTCC, Cede & Co., and/or First Clearing, LLC".  (*Id.* ¶ 37.)

On July 24, 2021,[3] Plaintiff presented the Department of Treasury its claim, attached as Exhibit A to the Complaint, to seek to recover the Funds.  (*Id.* ¶ 109, Ex. A.)  The Department of Treasury denied Plaintiff's claim on February 18, 2022.  (*Id.* ¶ 110, Ex. B.)  Plaintiff commenced this action by filing the Complaint on July 18, 2022.

Laureatus asserts claims against the DTCC Defendants for: (i) violating its rights under the Fourth Amendment (Count II) and Fifth Amendment (Count I) (together, the "Constitutional Claims"); (ii) violating the APA by withholding the funds, unreasonable delay in agency action, and for arbitrary and capricious actions (Count III and IV); (iii) conversion/FTCA violation (Count V); and (iv) acting "with deliberate indifferent to Plaintiff's rights" known as a *Bivens* claim (Count VI).  *See generally Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).  Additionally, Plaintiff has petitioned the Court to issue a writ of mandamus to compel defendants to adjudicate its claim, and to issue a judgment declaring Plaintiff the owner of the Funds and "[o]rdering Defendants to immediately pay out those Funds" (Counts VII).[4]

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(1), a court must dismiss a claim for relief when the court "lack[s] ... subject-matter jurisdiction."  "[P]laintiff bears the burden of proving that the Court has subject-matter jurisdiction to hear its claims."  *Walsh v. Comey*, 118 F. Supp. 3d 22, 25 (D.D.C. 2015) (citing *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992)).  Courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).  "For this reason

---

[3] Exhibit A is dated July 24, 2021, however, the Complaint alleges that "[o]n July 24, 2020, the Plaintiff presented to the Defendant United States of America ... the claim [] attached hereto as Exhibit A."  (*Id.* ¶ 109.)  The year alleged in paragraph 109 appears to be a typographical error.

[4] The Complaint contains two counts identified as Count VII (Writ of Mandamus) and (Declaratory Judgment).

the [p]laintiff's factual allegations in the complaint ... will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001) (alterations in original) (quotations omitted).

Under Fed. R. Civ. P. 12(b)(6), a complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A complaint's allegations must give defendants "'fair notice of what the ... claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555. The federal pleading standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

## **ARGUMENT**

Laureatus's Complaint should be dismissed against the DTCC Defendants. The Complaint is defective in many respects. First, the Court lacks subject matter jurisdiction to hear the APA and FTCA claims (Counts III, IV, and V) as well as the petition for mandamus (the first Count VII) because the DTCC Defendants are neither federal agencies nor the federal government. Second, all of the claims alleged are time-barred under the applicable statutes of limitations. Finally, the Constitutional Claims and *Bivens* claim (Counts I, II, and VI) fail because no "state action" by the DTCC Defendants is alleged and, therefore, those claims are separately subject to dismissal under Fed. R. Civ. P. 12(b)(6).

5

I.     **The Court Lacks Subject Matter Jurisdiction over Plaintiff's APA and FTCA Claims and the Petition for Mandamus Since the DTCC Defendants are Neither Federal Agencies Nor Part of the Federal Government.**

When a plaintiff asserts claims purportedly under the APA, FTCA, or Mandamus Act against non-agency or non-governmental entities, courts have held that federal question jurisdiction does not exist and they lack subject matter jurisdiction to hear such claims.  *See Robbins v. N.Y. Corn & Soybean Growers Ass'n, Inc.*, 244 F. Supp. 3d 300, 303, 305 (N.D.N.Y. 2017) ("If an entity is not an agency for the purposes of the APA or the Mandamus Act, courts have dismissed for want of jurisdiction.") (citing *Perpetual Sec., Inc. v. Tang*, 290 F.3d 132 (2d Cir. 2002)); *Corus Grp. PLC v. Int'l Trade Comm'n*, 352 F.3d 1351, 1359 (Fed. Cir. 2003) (characterizing whether an entity is an agency under the APA as a jurisdictional issue); *Farkas v. Ellis*, 780 F.Supp. 1013, 1015–16 (S.D.N.Y.), *aff'd*, 979 F.2d 845 (2d Cir. 1992) (same); *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 29 (D.D.C. 1990) (An FTCA claim brought against anyone other "than the government itself ... must fail for that reason alone for lack of subject matter jurisdiction.").  The Complaint does not allege that DTC or DTCC is a federal agency or part of the federal government.  Thus the Court should dismiss Counts III, IV, V, and the first Count VII for lack of subject matter jurisdiction.

A.     **Plaintiff's APA Claims Should be Dismissed.**

Plaintiff's claims under the APA[5] (Counts III and IV) should be dismissed because the Act applies only to agencies of the federal government, not to private companies like the DTCC Defendants.  *See* 5 U.S.C. § 551 ("'agency' means each authority of the Government of the United States,") and § 706 (providing for judicial review to "set aside agency action"); *see Mwabira-*

---

[5] Under the APA, 5 U.S.C. § 706, a "reviewing court shall ... compel agency action unlawfully withheld or unreasonably delayed" and may "hold unlawful and set aside agency action ... found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law."

*Simera v. Howard Univ.*, 692 F. Supp. 2d 65, 70 (D.D.C. 2010) (dismissing APA claims brought against private university).  Accordingly, dismissal of the APA claims is proper for lack of subject matter jurisdiction since the DTCC Defendants are not federal agencies.

For an organization to be considered a federal agency under the APA: (1) Congress must have approved the organization's formation; (2) federal employees must work at the organizations; and (3) the United States government must be involved in decisions regarding the personnel, operations, or other sources of income at the organization.  *See Robbins*, 244 F. Supp. 3d at 305 (finding the Qualified State Soybean Board was not a federal agency under the APA even thought it was authorized to collect assessments pursuant to federal law); *see also Armstrong v. Bush*, 924 F.2d 282, 289 (D.C. Cir. 1991) (the President is not an agency under the APA); *Guesnon v. McHenry*, 539 F.2d 1075, 1077 (5th Cir. 1976) (local public housing agency which acted and functioned in conjunction with the United States Department of Housing and Urban Development was not a federal agency).  The Complaint alleges that DTCC "is a New York corporation" and DTC "is a limited purpose trust company"; and Plaintiff makes no attempt to allege that either is a federal agency.  (Compl. ¶¶ 14, 15.)[6]  Accordingly, Counts III and IV should be dismissed under Fed. R. Civ. P. 12(b)(1).[7]

**B.    The DTCC Defendants are Not Proper Defendants under the FTCA.**

---

[6] As alluded to in the Complaint, DTC is registered with the SEC pursuant to § 17A(b)(2) of the Securities Exchange Act of 1934, and is a self-regulatory organization subject to § 19 of the Securities Exchange Act.  (*See* Compl. ¶ 15.)

[7] Some courts have dismissed APA claims under Rule 12(b)(6) where the plaintiff alleges an entity is a federal agency but the court finds otherwise.  *See McKinney v. Caldera*, 141 F. Supp. 2d 25, 29, 35 (D.D.C. 2001) (dismissing claim under Rule 12(b)(6) since The Judge Advocate General of the Army was not an agency under the APA); *see also New York v. Atl. States Marine Fisheries Comm'n*, 609 F.3d 524 (2d Cir. 2010) (finding Atlantic States Marine Fisheries Commission is not an authority of the United States and thus not an agency under the APA).  Here, Plaintiff does not even allege that the DTCC Defendants are federal agencies and in fact, none of the allegations in Counts III and IV appears to include the DTCC Defendants at all.

The FTCA claim against the DTCC Defendants (Count V) fails because the only proper defendant under the FTCA is the United States of America.  28 U.S.C. §§ 1346(b)(1), 2679(a). An FTCA claim brought against a defendant other "than the government itself ... must fail for that reason alone for lack of subject matter jurisdiction." *Cox*, 739 F. Supp. at 29 ("The FTCA directs that the exclusive remedy for tort claims is an action against the United States rather than against the individuals or the particular government agencies."); *see Johnson v. Veterans Affs. Med. Ctr.*, 133 F. Supp. 3d 10 (D.D.C. 2015) (dismissing FTCA claim brought against veterans' medical facility); *see also Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee.").[8]

### C.  The Court Lacks Subject Matter Jurisdiction Over Plaintiff's Request for a Writ of Mandamus Against the DTCC Defendants.

Laureatus's request for a writ of mandamus (the first Count VII) to compel "Defendants to adjudicate its claim to return of the Funds without further delay" (Compl. ¶ 124) fails against the DTCC Defendants as the Court lacks jurisdiction to entertain a request for a writ of mandamus under the Mandamus Act against a private entity.

Under the Mandamus Act, district courts have "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."  28 U.S.C. § 1361.  Under the Act, "federal courts may compel only *federal* officers [or agencies] to act."  *Robbins*, 244 F. Supp. 3d at 305 (emphasis and

---

[8] As part of its improper FTCA Claim, Plaintiff claims that each Defendants' failure and refusal to return the Funds to Plaintiff "constitutes the tort of conversion under District of Columbia law." (Compl. ¶ 105.)  To the extent Count V purports to assert a claim against the DTCC Defendants for the common law tort of conversion, the statute of limitations on that claim expired long ago. See *infra* at Section II.

alteration in original) (quoting *Minima v. N.Y.C. Emps.' Ret. Sys.*, No. 11-CV-2191, 2012 WL 4049822, *4 (E.D.N.Y. Aug. 17, 2012)); *see also Sloan v. Truong*, 573 F. Supp. 2d 823, 828 (S.D.N.Y. 2008) ("Even when a party specifically cites § 1361 ... the district court lacks jurisdiction when the requirements for mandamus are not met."). Since the DTCC Defendants are not part of the federal government, the Court should dismiss the claim. *Robbins*, 244 F. Supp. 3d at 305 ("If an entity is not an agency for the purposes of ... the Mandamus Act, courts have dismissed for want of jurisdiction."). Accordingly, the first Count VII should be dismissed.

## II.    Laureatus's Claims are Time-Barred.

All of Plaintiff's claims against the DTCC Defendants fail to state a claim upon which relief may be granted for the independent reason that they all are time-barred. Dismissal based on a statute of limitations defense is appropriate "when the facts that give rise to the defense are clear from the face of the complaint." *Cohen v. Wash. Metro. Area Transit Auth.*, No. 21-cv-2370-TJK, 2021 U.S. Dist. LEXIS 218362, at *3 (D.D.C. Nov. 11, 2021); *see Potts v. Howard Univ. Hosp.*, 623 F. Supp. 2d 68, 72 (D.D.C. 2009) ("If no reasonable person could disagree on the date on which the cause of action accrued, the court may dismiss a claim on statute of limitations grounds.") (internal quotation marks omitted). We examine each claim below.

Even if the DTCC Defendants were proper defendants for the APA and FTCA claims (and they are not), those claims are governed by a six-year and two-year limitation period respectively. *See* 28 U.S.C. § 2401. With respect to the Constitutional Claims, while the Constitution does not contain a limitation period, "[w]hen a federal action contains no statute of limitations, courts will ordinarily look to analogous provisions in state law as a source of a federal limitations period." *Doe v. U.S. Dep't of Justice*, 753 F.2d 1092, 1114 (D.C.Cir. 1985). Here, Plaintiff asserts a claim for conversion, which under D.C. and New York law would require an action to be brought within three years from when the claim accrues. *See* D.C. Code § 12–301(8); N.Y. C.P.L.R. 214(3); *see,*

*e.g.*, *Bartlett v. Overslaugh*, 169 F. Supp. 3d 99 (D.D.C. 2016) (dismissing counterclaim for conversion as untimely under D.C.'s three year limitation period); *Meskunas v. Auerbach*, No. 17-CV-9129-VB, 2019 WL 719514, *6 (S.D.N.Y. Feb. 20, 2019) (dismissing claim for conversion as untimely under New York's three year limitation period).[9]

"Where the fact of an injury can be readily determined, a claim accrues for purposes of the statute of limitations at the time the injury actually occurs." *Colbert v. Georgetown Univ.*, 641 A.2d 469, 472 (D.C. 1994) (en banc) (citations omitted); *see State v. Seventh Regiment Fund, Inc.*, 98 N.Y.2d 249, 259 (N.Y. 2002) ("A cause of action for conversion accrues when all of the facts necessary to sustain the cause of action have occurred, so that a party could obtain relief in court."). Similarly, "[w]hen the declaratory judgment sought by a plaintiff would declare his entitlement to some affirmative relief, his suit is time-barred if the applicable limitations period has run on a direct claim to obtain such relief." *118 E. 60th Owners, Inc. v. Bonner Props., Inc.*, 677 F.2d 200, 202 (2d Cir. 1982); *see also Rosette, Inc. v. United States*, 141 F.3d 1394, 1397 (10th Cir. 1998) ("Allowing [plaintiff] to maintain a declaratory judgment action under these circumstances would ... render the [underlying applicable law's] statute of limitations meaningless."). Courts in this Circuit consider both the statute of limitations of the direct claim and the general four year limitation provided by 28 U.S.C. § 1658 to determine the timeliness of a mandamus petition. *See, e.g., Yukon-Kuskokwim Health Corp. v. United States*, 444 F. Supp. 3d 215, 219 (D.D.C. 2020) (finding mandamus petition untimely under the APA's six year statute of limitations or the four year "catch all" limitation on civil actions arising under federal law).

---

[9] The Court need not decide if New York or D.C. law serves as the "analogous provision[] of state law" since both have three year limitations for conversion actions.

According to Plaintiff, the attempted transfer of the Funds occurred in November of 2004, seventeen years and eight months prior to Plaintiff filing the Complaint, and Plaintiff alleges that its predecessor was aware of the facts at the time of the alleged "disappearance".  Accordingly, the claims alleged in the Complaint accrued in November 2004, making all of them untimely under any potentially applicable statute of limitations.

Dismissal of Plaintiff's claims against the DTCC Defendants with prejudice is appropriate. Under this Circuit's precedent, dismissal with prejudice is warranted on statute of limitations grounds "when a trial court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"  *Cohen*, 2021 LEXIS 218362, at *11–12 (quoting *Firestone v. Firestone*, 76 F.3d 1205, 1209 (1996)); *see also Miller v. Downtown Bid Servs. Corp.*, 281 F. Supp. 3d 15, 22 n.9 (D.D.C. 2017) (dismissing claim with prejudice where "it is clear that the plaintiff filed her Complaint after the limitation period expired and it does not appear ... that the plaintiff could allege any additional facts consistent with her pleadings that would warrant equitable tolling").  Here, there is no legitimate dispute over the accrual date of Plaintiff's claims.  Plaintiff was aware of the alleged harm and made efforts to recover the funds for over twice as long as the longest limitation period.  (*See* Compl. ¶¶ 3, 6).  However, the DTCC Defendants are notably absent from Plaintiff's alleged efforts to recover the allegedly missing Funds.  (*See id.* ¶¶ 50–53).  In fact, Plaintiff makes no allegation that it ever contacted DTC or DTCC regarding the alleged transfer.  The silence is telling, and the Court should dismiss the claims with prejudice given that any amendment would be futile.

### III.    Laureatus's Constitutional and *Bivens* Claims Are Also Subject to Dismissal Under Rule 12(b)(6) Since Plaintiff Has Failed to Plead Sufficient Facts to Establish State Action by the DTCC Defendants.

#### A.    Plaintiff's Constitutional Claims (Counts I and II) Should be Dismissed.

Even if these claims were not otherwise defective because of the expiration of the statute of limitations, the Complaint fails to plead a viable cause of action under the Constitution against private corporations such as DTC and DTCC; nor can it.   The Fourth Amendment to the Constitution establishes that "[t]he right of the people to be secure in their ... effects, against unreasonable searches and seizures, shall not be violated."  U.S. Const. amend. IV.  The Fourth Amendment "applies only to government action, which arises when an individual acts in his or her official government capacity or where an individual, who is not officially affiliated with the government, acts as an agent of the government."  *Trazell v. Wilmers*, 975 F. Supp. 2d 133, 141–42 (D.D.C. 2013) (citations omitted).

The Fifth Amendment Due Process Clause provides that "[n]o person shall ... be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  "Like the Fourth Amendment, the Due Process Clause only applies to government action."  *Trazell*, 975 F. Supp. 2d at 142 (citing *Shelley v. Kraemer*, 334 U.S. 1, 13 (1948); *Comm. of U.S. Citizens Living in Nicaragua v. Reagan*, 859 F.2d 929, 946 (D.C. Cir. 1988)).  Further "it is black-letter law that a property owner may only pursue a taking claim against a governmental entity."  *Merrick Gables Ass'n, Inc. v. Town of Hempstead*, 691 F. Supp. 2d 355, 361 (E.D.N.Y. 2010) (citing *Black's Law Dictionary* 1591 (9th ed. 2009) (explaining that there is a "taking of property when Government action directly interferes with or substantially disturbs the owner's use and enjoyment of the property.")

While not alleged in the Complaint, 42 U.S.C. § 1983 creates a civil cause of action for individuals who have been deprived of "any rights, privileges, or immunities secured by the Constitution and laws" by private individuals acting for state or local governments.  *See, e.g.*, *Lyles v. Hughes*, 964 F. Supp. 2d 4, 7 (D.D.C. 2013) (analyzing Fourth and Fifth Amendment claims

under 42 U.S.C. § 1983).  To plead a prima facie case under § 1983 for violation of a constitutional

right, the Complaint must allege that the defendant was acting under color of state law at the time

of the complained-of conduct.  *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v.*

*Classic*, 313 U.S. 299, 326, (1941)) ("The traditional definition of acting under color of state law

requires that the defendant ... have exercised power 'possessed by virtue of state law and made

possible only because the wrongdoer is clothed with the authority of state law.'"); *see Trazell*, 975

F. Supp. 2d at 142 ("Like the protections afforded by the Fourth and Fifth Amendments, the cause

of action created by section 1983 only applies to individuals acting under color of the law of a

state, territory or the District of Columbia.") (quotations omitted).

As noted, the Complaint itself states that DTCC "is a New York corporation" and DTC "is

a limited purpose trust company," not government actors.  (*Id.* ¶¶ 14, 15.)  Further, the Complaint

fails to allege that any act taken by DTC or DTCC constituted "state action" or were taken under

the "color of state law."[10]  *See Hajjar–Nejad v. George Washington Univ.*, 873 F. Supp. 2d 1, 15

(D.D.C. 2012) (granting motion to dismiss and denying as futile amendment of complaint to bring

constitutional claims against private university absent allegations to show that it is a state actor);

*Nader v. McAuliffe*, 593 F. Supp. 2d 95, 101 (D.D.C.), *aff'd*, No. 09-7003, 2009 WL 4250615

(D.C. Cir. Oct. 30, 2009) ("[A] § 1983 claim brought against a private party cannot survive a

motion to dismiss if the plaintiff fails to allege that the defendant was engaged in state action or

acted under color of state law.").  Since Laureatus fails to allege sufficient and plausible facts that

the DTCC Defendants acted under color of state law, the Constitutional Claims are subject to

---

[10] The Supreme Court has found the "state action" requirement under the constitution and "color of state law" requirement under 42 U.S.C. § 1983 are equivalent.  *Nat'l Collegiate Athletic Ass'n v. Tarkanian*, 488 U.S. 179, 182 n.4 (1988).

dismissal for the independent reason that they fail to state a claim upon which relief may be granted.

Courts rely on a spectrum of factors and tests to determine whether a private party's actions constitutes state action for a constitutional violation, although three tests are prevalent: (1) the Public Function Test, (2) the Joint Action Test, and (3) the Government Compulsion Test (also referred to as the Close Nexus Test). *Nader*, 593 F. Supp. 2d at 100–104 (applying Public Function and Joint Action Tests while also considering if the plaintiff "establish[ed] a sufficiently close nexus between the State and [the defendant] ... so that the action of the latter may be fairly treated as that of the State itself") (citations and quotations omitted). Plaintiff's Complaint fails to allege sufficient facts that the DTCC Defendants acted "under color of state law" under any of these tests.

Under the Public Function Test, courts consider whether a private party is performing an activity traditionally performed exclusively by government. *See Grogan v. Blooming Grove Volunteer Ambulance Corps.*, 768 F.3d 259, 264–65 (2d Cir. 2014). It is well-settled that a public function "is not simply one 'traditionally performed by governments,' but rather one 'traditionally exclusively reserved to the State.'" *LaRouche v. Fowler*, 152 F.3d 974, 990 (D.C. Cir. 1998) (quoting *Flagg Bros. v. Brooks,* 436 U.S. 149, 157 (1978)). Plaintiff offers no facts, nor can they, that plausibly suggest that facilitating financial transitions is a function exclusive to governments. *See C.A.R. Leasing, Inc. v. First Lease, Inc.*, 394 F. Supp. 306, 310 (N.D. Ill. 1975) ("The mere fact that national banking associations are regulated by the Federal government does not make them subject to civil rights actions."). While paragraph 60 of the Complaint acknowledges the necessity of evidence that the DTCC Defendants "act[ed] in a government capacity or at the direction of the Treasury," Plaintiff fails to allege any facts that the DTCC Defendants *were* acting as such or at the direction of any governmental entity. (Compl. ¶ 60); *see Iqbal*, 556 U.S. at 678

("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").[11]

The Joint Action Test requires the "willful[] engage[ment] in joint activity with a state or its agents." *Hoai v. Vo*, 935 F.2d 308, 313 (D.C. Cir. 1991) (rejecting the plaintiff's claim that the defendant acted under color of state law because the plaintiff failed to allege that the defendant conspired with state officials). Moreover, vague assertions that the defendants engaged in a conspiracy with the government and accusing state actors of furthering defendants' conspiracy are insufficient to survive a motion to dismiss. *See Nader*, 593 F. Supp. 2d at 103 (granting motion to dismiss since, among other reasons, plaintiff failed to allege state officials entered into a conspiracy with private party to violate plaintiffs' constitutional rights).

The Complaint does not allege any understanding or agreement between the DTCC Defendants and any governmental party. On the contrary, the Complaint contends that the Funds were "held up by a United States Government-issued chill or freeze order and action, which are generally imposed by the U.S. Treasury Department or the Federal Reserve on the handler of funds, such as a clearing facility." (*See* Compl. ¶ 39.) The Complaint then notes that "the Funds at issue did not come onto DTC's systems ... and were never book-entered by DTC." (*Id.* ¶ 42.) The Complaint alludes to a vague "internal process of communicating with the Government" but does not specify if the DTCC Defendants were involved in this process or provide any details. (*Id.* ¶ 45); *see Nader*, 593 F. Supp. 2d at 103. At a more basic level, the Complaint fails to identify a specific action taken by the DTCC Defendants to harm Plaintiff, much less an act taken as part of an understanding or conspiracy with the government.

---

[11] The same analysis applies to paragraph 65 of the Complaint. (Compl. ¶ 65 ("The Defendants ... acted under color of authority with deliberate, reckless, or callous indifference to Plaintiff's rights.")).

Under the Government Compulsion Test, private action becomes state action when the state commands a particular result and reserves the power to determine that result.  *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 170-71 (1970); *see Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 296 (2001) ("[A] challenged activity may be state action when it results from the State's exercise of coercive power when the State provides significant encouragement, either overt or covert.").  State regulation of an industry does not "does not by itself convert its action into that of the State."  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 52 (1999) (analyzing claims under the Fourteenth Amendment).

As noted above, the Complaint fails to allege any interaction between the DTCC Defendants and any governmental organization or official with regard to the alleged transfer of the Funds.  While certain paragraphs in the Complaint recite that defendants acted under the color of law, Plaintiff does not allege facts, if true, to support such claims.  *See Iqbal*, 556 U.S. at 678. Accordingly, the Constitutional Claims (Counts I and II) against the DTCC Defendants should be dismissed for the additional reason that they failure to state a claim upon which relief may be granted.

## B.    Plaintiff's *Bivens* Claim (Count VI) Should be Dismissed.

The Complaint acknowledges that the DTCC Defendants are private entities and thus DTCC, DTC, and their employees are all improper defendants under a *Bivens* claim.[12]  (Compl.

---

[12] As a preliminary matter, it is unclear against which defendants Plaintiff asserts its *Bivens* claim. The title of Count VI asserts the *Bivens* claim "AGAINST JOHN DOE DEFENDANTS FOR VIOLATION OF FOURTH AMENDMENT." (Compl. Count VI.)  The caption of the Complaint identifies as defendants JOHN DOE Nos. 1 to 25.  Paragraph 112 of the Complaint, however, states:  "This claim is asserted against Defendants 'JOHN DOE' Nos. 1 to 10 ...." (Compl. ¶ 112.) Further, it is unclear who Plaintiff is alleging is the employer of John Doe Nos. 1 to 10 (*Compare* Compl. ¶ 16 ("Defendants 'John Doe' Nos. 1 to 25 are additional officers and representatives of Defendants") *with* Compl. ¶ 112 ("[t]his claim is asserted against Defendants 'JOHN DOE' Nos. 1 to 10, who are presently unknown agents of the Government".)  To the extent the Complaint can

¶¶ 14, 15); *see Corr. Servs. Corp. v. Malesko,* 534 U.S. 61, 66 (2001) (declining to extend *Bivens* liability to private employees); *Woytowicz v. George Washington Univ.*, 327 F. Supp. 3d 105, 115–119 (D.D.C. 2018) (dismissing claim since "entities ... are exempt from *Bivens* liability").  A *Bivens* claim allows a plaintiff to bring a lawsuit for damages against "federal officials in their individual capacities for constitutional violations."  *Berman v. Crook*, 293 F. Supp. 3d 48, 54 (D.D.C. 2018); *see Bivens*, 403 U.S. 388 (1971) (holding federal officers' violation of plaintiff's Fourth Amendment rights can give rise to a federal cause of action for damages for unlawful searches and seizures).  A *Bivens* claim is not available against private entities and their employees. *See Malesko,* 534 U.S. at 66; *Minneci v. Pollard*, 565 U.S. 118, 126-28 (2012) (declining to extend *Bivens* liability to private prison employees).

Even if a *Bivens* claim was available, Plaintiff, as noted above, has failed to allege that the DTCC Defendants nor, to the extent any of the Joe Doe defendants are alleged to be DTCC Defendants' employees, were acting under the color of law.  *See Woytowicz*, 327 F. Supp. 3d at 115–119 (analyzing *Bivens* and other constitutional claims concurrently); *see also Polanco v. U.S. Drug Enforcement Admin.,* 158 F.3d 647, 653 (2d Cir. 1998) (noting that *Bivens* and § 1983 actions are not significantly dissimilar).  Threadbare accusations that employees were "acting under the color of law" are insufficient to survive a motion to dismiss.  (Compl. ¶ 115); *see Iqbal*, 556 U.S. at 678.

---

be read to allege any *Bivens* claims against the DTCC Defendants or their employees, those claims fail and should be dismissed.

## <u>CONCLUSION</u>

For the foregoing reasons, the DTCC Defendants respectfully request that the Court dismiss all claims against them with prejudice, and grant any further relief as this Court deems appropriate.

November 1, 2022

Respectfully submitted,

**PROSKAUER ROSE LLP**

By: <u>*/s/ Margaret A. Dale*</u>
    Margaret A. Dale*
    Timothy E. Burroughs*
    11 Times Square
    New York, NY 10036
    Tel: (212) 969-3000
    mdale@proskauer.com
    tburroughs@proskauer.com

    *Admitted *pro hac vice*

By: <u>*/s/ Christopher E. Ondeck*</u>
    Christopher E. Ondeck,
    1001 Pennsylvania Avenue, NW
    Suite 600 South
    Washington, DC 20004-2533
    Tel: (292) 416-5865
    Fax: (202) 416-6899
    COndeck@proskauer.com
    D.C. Bar No. 454014

    *Attorneys for Defendants*
    *The Depository Trust Company and*
    *The Depository Trust & Clearing*
    *Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on November 1, 2022, I caused to be electronically filed The Depository Trust Company and The Depository Trust & Clearing Corporation's Motion to Dismiss the Complaint, the Memorandum of Law, and this Certificate of Service with the Clerk of the Court using the CM/ECF e-file system, which will send notice of electronic filing to the parties.

Dated: November 1, 2022

By:   */s/ Margaret A. Dale*
         Margaret A. Dale