**UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA**

| | |
|---|---|
| LAUREATUS GROUP, LLC,<br><br>                Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF THE TREASURY, et al.,<br><br>                Defendants. | Case No.: 1:22-cv-02103-RC |

**REPLY MEMORANDUM IN SUPPORT OF THE MOTION BY THE DEPOSITORY TRUST COMPANY AND THE DEPOSITORY TRUST & CLEARING CORPORATION TO DISMISS THE COMPLAINT**

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT .................................................................................................................................. 2

I.   The Court Should Dismiss Plaintiff's APA Claims and the Petition for Mandamus Pursuant to Rule 12(b)(1). ........................................................................................................................ 2

   A.   The DTCC Defendants are Not Subject to the APA. ............................................................ 2

   B.   Mandamus Relief is Not Available Against the DTCC Defendants. .................................... 3

II.  Dismissal of Plaintiff's Claims Pursuant to Rule 12(b)(6) is Proper. ................................... 4

   A.   All of Plaintiff's Claims are Time Barred. ............................................................................ 4

   B.   Plaintiff's Constitutional Claims Should be Dismissed For Failure to State a Claim Upon Which Relief can be Granted. ................................................................................................. 6

CONCLUSION ............................................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ali v. Rumsfeld*,
  649 F.3d 762 (D.C. Cir. 2011) ................................................................................................2

*Custodia Bank, Inc. v. Fed. Rsrv. Bd. of Governors*,
  No. 22-CV-125, 2022 WL 16901942 (D. Wyo. Nov. 11, 2022) ..........................................3, 4

*D'Alessio v. N.Y. Stock Exch., Inc.*,
  258 F.3d 93 (2d Cir. 2001) .......................................................................................................7

*Dexter v. Depository Tr. & Clearing Corp.*,
  406 F. Supp. 2d 260 (S.D.N.Y. 2005),
  *aff'd,* 219 F. App'x 91 (2d Cir. 2007) ..................................................................................2, 7

*DL Cap. Grp., LLC v. Nasdaq Stock Mkt., Inc.*,
  409 F.3d 93 (2d Cir. 2005) .......................................................................................................7

*Dyson v. Dist. of Columbia*,
  710 F.3d 415 (D.C. Cir. 2013) ..............................................................................................4, 6

*Frank L. Palumbo & Sandra Solomon Venezia*,
  Exchange Act Release No. 36427, 1995 WL 630926 (Oct. 26, 1995) .....................................3

*Garcia v. Fed. Nat'l Mortg. Ass'n*,
  No. 1:13-CV-1259, 2014 WL 2210784 (W.D. Mich. Apr. 30, 2014) .......................................7

*Henry James Faragalli, Jr.*,
  Exchange Act Release No. 37991, 1996 WL 683707 (Nov. 26, 1996) ....................................3

*In re Series 7 Broker Qualification Exam Scoring Litig.*,
  548 F.3d 110 (D.C. Cir. 2008) ..................................................................................................7

*Irwin v. Dep't of Veterans Affs.*,
  498 U.S. 89 (1990) ....................................................................................................................5

*Martens v. Smith Barney, Inc.*,
  190 F.R.D. 134 (S.D.N.Y. 1999) ..............................................................................................6

*McQuiddy v. Ware*,
  87 U.S. 14 (1873) ......................................................................................................................6

*Minima v. N.Y.C. Emps.' Ret. Sys.*,
  No. 11-CV-2191, 2012 WL 4049822 (E.D.N.Y. Aug. 17, 2012) .............................................3

*North v. Smarsh, Inc.*,
    160 F. Supp. 3d 63 (D.D.C. 2015) ................................................................................................2

*Pace v. DiGuglielmo*,
    544 U.S. 408 (2005) ......................................................................................................................6

*Robbins v. N.Y. Corn & Soybean Growers Ass'n*,
    244 F. Supp. 3d 300 (N.D.N.Y. 2017) .....................................................................................3, 4

*Scher v. Nat'l Ass'n of Sec. Dealers, Inc.*,
    386 F. Supp. 2d 402 (S.D.N.Y. 2005),
    *aff'd,* 218 F. App'x 46 (2d Cir. 2007) ......................................................................................6, 7

*Shultz v. SEC*,
    614 F.2d 561 (7th Cir. 1980) ........................................................................................................3

*Sloan v. Truong*,
    573 F. Supp. 2d 823 (S.D.N.Y. 2008) .........................................................................................3

*Smith v. Am. President Lines, Ltd.*,
    571 F.2d 102 (2d Cir. 1978) .........................................................................................................5

*Williams v. Amalgamated Transit Union Loc. 689*,
    245 F. Supp. 3d 129 (D.D.C. 2017),
    *aff'd*, No. 17-7076, 2017 WL 4217248 (D.C. Cir. Aug. 23, 2017) ............................................5

*Wilson v. U.S. Penitentiary Leavenworth*,
    450 F. App'x 397 (5th Cir. 2011) .................................................................................................5

The Depository Trust Company ("DTC") and The Depository Trust & Clearing Corporation ("DTCC") (collectively the "DTCC Defendants") respectfully submit this reply to arguments raised in Laureatus Group, LLC's Opposition to the DTCC Defendants' Motion to Dismiss[1] (ECF No. 27) (the "Opposition"), and in further support of the DTCC Defendants' motion to dismiss the complaint (ECF No. 23) (the "Motion").

## PRELIMINARY STATEMENT

In its Complaint, Laureatus identifies the DTCC Defendants' as private entities and attempts to shoehorn them into a variety of allegations brought against government actors. In response to the DTCC Defendants' Motion, Plaintiff clarified that it has no claims against the DTCC Defendants under the Federal Tort Claims Act (Count V) or a Bivens action (Count VI), claims that can only be brought against the government.

Realizing the deficiencies in its remaining claims, Plaintiff pivoted in the Opposition, shifting its focus to DTC's status as a self-regulatory organization ("SRO"), a fact not pleaded in the Complaint, to attempt to create a basis for its claims. However, despite its efforts to recast its allegations, Plaintiff's claims under the Administrative Procedure Act ("APA") (Counts III and IV), the Declaratory Judgment Act and Mandamus Act (both Count VII), and the Constitution (Counts I and II) should be dismissed. First, Plaintiff fails to assert a basis for this Court's jurisdiction under the APA and the Mandamus Act since the DTCC Defendants are not federal agencies. Second and independently, all of Plaintiff's remaining claims against the DTCC Defendants are barred by the applicable statute of limitations, and Plaintiff has failed to allege sufficient facts to warrant equitable tolling. Third, Laureatus's Fourth and Fifth Amendment

---

[1] The DTCC Defendants use the spelling of Plaintiff's name in the caption and believe the spelling in the Opposition's title is a typographical error.

1

causes of action are independently subject to dismissal because the DTCC Defendants have insufficient government connections to trigger constitutional protection (and even if they did have such connections, are entitled to immunity for acts taken under their statutory mandate).

For these reasons, the DTCC Defendants respectfully request the Court grant the Motion and dismiss all Counts against them with prejudice as any amendment to the Complaint would be futile.

## ARGUMENT

**I.     The Court Should Dismiss Plaintiff's APA Claims and the Petition for Mandamus Pursuant to Rule 12(b)(1).[2]**

### A.     The DTCC Defendants are Not Subject to the APA.

In its Opposition, Plaintiff appears to rely on the fact that DTC serves as an SRO in an effort to save its claims.[3]  (*See* Opp. at 6; Compl. ¶¶ 14-15.)  However, it is settled law that SROs, such as DTC, are not subject to the APA.  *See North v. Smarsh, Inc.*, 160 F. Supp. 3d 63, 78 (D.D.C. 2015) (dismissing claims under Rule 12(b)(1), in part, because "the APA does not apply to SROs such as FINRA because FINRA is not an 'agency' within the meaning of the statute")

---

[2] As noted in the Government's Motion to Dismiss, "the Declaratory Judgment Act, 28 U.S.C. § 2201, is not an independent source of federal jurisdiction and does not provide a cause of action." (Government's Memorandum in Support of Government Defendants' Motion to Dismiss, at 33-34 (ECF No. 24) (hereinafter "Government's Motion")); *see Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011).  Thus, because Plaintiff has failed to bring a claim that this Court has subject matter jurisdiction over or state a claim upon which relief can be granted, this Court lacks subject matter jurisdiction over the claim for a declaratory judgment (Count VII), and it should be dismissed.

[3] DTC is a securities depository registered with the SEC pursuant to § 17A(b)(2) of the Securities Exchange Act of 1934, and is an SRO subject to § 19.  "Section 17A of the Exchange Act, added in 1975, gave the SEC authority to regulate all persons involved in processing securities transactions, in an effort to create a uniform national system for the prompt and accurate clearance and settlement of securities transactions.  Under this statute, clearing agencies are required to adopt rules, subject to SEC approval, to further these goals.  As a registered clearing agency that has adopted such regulations, DTC is also an SRO." *Dexter v. Depository Tr. & Clearing Corp.*, 406 F. Supp. 2d 260, 264 (S.D.N.Y. 2005), *aff'd*, 219 F. App'x 91 (2d Cir. 2007) (citations omitted).

(citation omitted). "SROs are private organizations that operate subject to a scheme of government regulation. . . . [They generally] are not subject to the requirements applicable to a government agency." *Henry James Faragalli, Jr.*, Exchange Act Release No. 37991, 1996 WL 683707, at *10 n.36 (Nov. 26, 1996) (citing *Shultz v. SEC*, 614 F.2d 561, 569 (7th Cir. 1980)); *see also Frank L. Palumbo & Sandra Solomon Venezia*, Exchange Act Release No. 36427, 1995 WL 630926, at *6 (Oct. 26, 1995) ("We have repeatedly noted that the Administrative Procedure Act does not apply to self-regulatory organizations . . ."). The Opposition acknowledges that DTC is an SRO. (*See* Opp. at 6.) Moreover, Plaintiff makes no effort to distinguish the acts of DTC with the acts of its parent entity DTCC, a holding company, which operates only through its subsidiaries. (Compl. ¶¶ 14-15.) Accordingly, Plaintiff's APA claims (Count III and IV) should be dismissed against the DTCC Defendants.

### B.   Mandamus Relief is Not Available Against the DTCC Defendants.

Under the Mandamus Act, "federal courts may compel only *federal* officers [or agencies] to act." *Robbins v. N.Y. Corn & Soybean Growers Ass'n*, 244 F. Supp. 3d 300, 305 (N.D.N.Y. 2017) (alteration in original) (quoting *Minima v. N.Y.C. Emps.' Ret. Sys.*, No. 11-CV-2191, 2012 WL 4049822, at *4 (E.D.N.Y. Aug. 17, 2012)); *see also Sloan v. Truong*, 573 F. Supp. 2d 823, 828 (S.D.N.Y. 2008) ("Even when a party specifically cites § 1361 . . . the district court lacks jurisdiction when the requirements for mandamus are not met."). Since neither of the DTCC Defendants is an "agency" under the APA, it follows that neither is a federal agency subject to the Mandamus Act. *See Robbins*, 244 F. Supp. 3d at 305 (after determining that the New York Corn & Soybean Growers Association is not an "agency" under the APA holding that "[t]he same result is true under the Mandamus Act . . .").

Plaintiff's single cited case, *Custodia Bank, Inc. v. Federal Reserve Board of Governors*, No. 22-CV-125, 2022 WL 16901942 (D. Wyo. Nov. 11, 2022), follows the same reasoning. There,

3

the district court allowed a mandamus claim against a Federal Reserve Bank to survive a motion to dismiss after finding that the "law is currently unsettled on whether a Federal Reserve Bank is an 'agency' for APA purposes." *Id.* at *3, *8.  Here, however, the law is settled.  Neither DTC nor DTCC is an agency for APA purposes and thus neither should be considered an agency under the Mandamus Act.  Dismissal for lack of subject matter jurisdiction is proper where, as here, a claim under the Mandamus Act is brought against a non-agency organization.  *See Robbins*, 244 F. Supp. 3d at 305 (dismissing APA and Mandamus Act claims against non-agency under Fed. R. Civ. P. 12(b)(1)).

II.     **Dismissal of Plaintiff's Claims Pursuant to Rule 12(b)(6) is Proper.**

   A.     **All of Plaintiff's Claims are Time Barred.**

Plaintiff's argument that the Court should invoke "equitable tolling" to stall the time limitation on its claims decidedly fails.  "A petitioner is entitled to equitable tolling only if [s]he shows (1) that [s]he has been pursuing [her] rights diligently, and (2) that some extraordinary circumstance stood in [her] way and prevented timely filing." *Dyson v. Dist. of Columbia*, 710 F.3d 415, 421 (D.C. Cir. 2013) (alterations in original) (internal quotations and citations omitted). "This is a weighty burden." *Id.*  Plaintiff fails to meet either element.

*First*, Plaintiff did not purse any rights it allegedly may have had with regard to the DTCC Defendants until the filing of the Complaint—16 years after Laureatus began attempting to recover the Funds.  (*See* Opp. at 3.)  Plaintiff made no effort to contact the DTCC Defendants about its claim.[4]  Laureatus's decision to sit on its hands for over a decade-and-a-half dooms its equitable relief argument from the start.

---

[4] Notably, the Complaint fails to identify potentially indispensable parties, including but not limited to, Wachovia Securities and First Clearing, LLC.  DTC only maintains accounts for its "Participants", which include major banks and brokerage houses.  *See Processing of Tender Offers Within The National Clearance and Settlement System*, SEC Rel. No. 19678, 1983 WL 32437, n.5

4

*Second*, Plaintiff fails to identify any "extraordinary circumstance" that prevented timely filing. Plaintiff relies on vague and conclusory statements to argue that due to the actions of unidentified "Government officials," it was "induced to wait until now to bring this action." (Compl. ¶ 50.) The Opposition suggests, without support, that these vague statements warrant tolling of the statute of limitations of the claims against the DTCC Defendants, which are decidedly not "Government officials." (*See* Opp. at 10.) Plaintiff's cases do not support its position.[5] For example in *Williams v. Amalgamated Transit Union Local 689*, the court declined to invoke equitable tolling based on the plaintiff's allegations that the defendant union and employer committed multiple violations of a collective bargaining agreement and failed to follow their own grievance procedures. 245 F. Supp. 3d 129, 139-141 (D.D.C. 2017), *aff'd*, No. 17-7076, 2017 WL 4217248 (D.C. Cir. Aug. 23, 2017). The court granted the defendant's motion to dismiss, finding that "Plaintiff ha[d] no basis for equitable tolling" where he failed to present "evidence that [defendant] 'fraudulently induced [Plaintiff] to delay filing his suit,' or that [defendant] engaged

---

(April 15, 1983); *see also* N.Y. Uniform Commercial Code § 8-102(14) and Official Comment 14 (defining functions of a "securities intermediary," including DTC). Plaintiff alleges that Wachovia "was engaged in order to facilitate the transfer" but did not add them as a party or make any allegations regarding steps Wachovia took after the alleged "freeze" to contact the DTCC Defendants. (Compl. ¶¶ 29, 40-42.) Further, any communication or notice regarding the alleged freeze would be sent to DTC's Participant, not Plaintiff. (*See id.* at ¶ 44.)

[5] In *Irwin v. Department of Veterans Affairs*, the Supreme Court declined to apply the principles of equitable tolling based on the absence of plaintiff's lawyer, which the Court characterized as "at best a garden variety claim of excusable neglect." 498 U.S. 89, 96 (1990).

In *Wilson v. United States Penitentiary Leavenworth*, the Fifth Circuit declined to apply equitable tolling to prisoner's *Bivens* or FTCA claims because of a prison lockdown and the Government's failure to respond to his administrative complaint. 450 F. App'x 397, 399 (5th Cir. 2011).

In *Smith v. American President Lines, Ltd.*, the Second Circuit declined to apply equitable tolling to charges filed by a former employee with the EEOC finding Plaintiff's claim that he lacked knowledge about EEOC's process because of missing posted notices did not amount to "fraudulent or deceptive conduct by the appellees sufficient to permit tolling . . . ." 571 F.2d 102, 111 (2d Cir. 1978).

in some 'affirmative misconduct [that] lulled the plaintiff into inaction." *Id.* at 140 (some alterations in original) (citation omitted).

The Complaint is completely devoid of any allegations that acts or statements by the DTCC Defendants induced Plaintiff to delay filing suit. Plaintiff's vague and unsupported allegations that the DTCC Defendants' interfered with its ability to learn what happened to the Funds does not demonstrate that Plaintiff was "by dint of circumstances beyond his control, deprived of a reasonable time in which to file suit." *Dyson*, 710 F.3d at 422. Invoking equitable tolling based on the circumstances pleaded in the Complaint undermines the purpose and policy behind statutes of limitations and is improper. *See Pace v. DiGuglielmo*, 544 U.S. 408, 419 (2005) (citing *McQuiddy v. Ware,* 87 U.S. 14, 19 (1873)) ("Equity always refuses to interfere where there has been gross laches in the prosecution of rights.").

### B. Plaintiff's Constitutional Claims Should be Dismissed For Failure to State a Claim Upon Which Relief can be Granted.

The constitutional claims against the DTCC Defendants should be dismissed because the DTCC Defendants are not government actors for the purpose of constitutional protection and, in any event, DTC is immune from suits arising from its acts as an SRO.

*First*, Plaintiff's Fourth and Fifth Amendment claims are subject to dismissal because Plaintiff failed to plausibly allege "that in denying plaintiff's constitutional rights, the defendant[s'] conduct constituted state action . . . ." *Scher v. Nat'l Ass'n of Sec. Dealers, Inc.*, 386 F. Supp. 2d 402, 407 (S.D.N.Y. 2005), *aff'd,* 218 F. App'x 46 (2d Cir. 2007) (alteration in original). Courts have consistently held that an SRO "exercises insufficient state action to trigger constitutional protections . . . while nevertheless holding that the [SRO] is entitled to absolute immunity in the exercise of its quasi-public regulatory duties." *Id.* at 408 (collecting cases); *see Martens v. Smith Barney, Inc.*, 190 F.R.D. 134, 135 (S.D.N.Y. 1999) (dismissing plaintiffs' due

6

process claims against the National Association of Securities Dealers and the New York Stock Exchange because SROs "exercise insufficient state action to trigger constitutional due process protections."); *see also Garcia v. Fed. Nat'l Mortg. Ass'n*, No. 1:13-CV-1259, 2014 WL 2210784, at *3 n.5 (W.D. Mich. Apr. 30, 2014) ("[A]n entity is not a governmental actor for purposes of constitutional claims merely because it is considered a governmental or quasi-governmental entity for other purposes.").

While DTC operates as an SRO, its relationship with the government is governed and limited by the Securities Exchange Act. *See supra* at n.3. Settled law dictates that this relationship is insufficient to trigger constitutional protections. *Scher*, 386 F. Supp. 2d at 408.

*Second*, to the extent that the Complaint alleges that DTC took action pursuant to its role as an SRO, it is immune from suit. As an SRO, DTC has immunity when it "carries out its normal ministerial function in accordance with the directives of governing regulatory authority." *Dexter*, 406 F. Supp. 2d at 265; *see Scher*, 386 F. Supp. 2d at 406 (applying immunity to the National Association of Security Dealers and its wholly own subsidiary, which operates as its investigative and disciplinary arm); *see also DL Cap. Grp., LLC v. Nasdaq Stock Mkt., Inc.*, 409 F.3d 93, 97-100 (2d Cir. 2005) ("There is no question that an SRO and its officers are entitled to absolute immunity when they are, in effect, 'acting under the aegis' of their regulatory duties.") (citation omitted).

There is no allegation in the Complaint that DTC (or DTCC) was not "acting in its capacity as a[n] SRO" and, accordingly, there is an entitlement to immunity from suit. *D'Alessio v. N.Y. Stock Exch., Inc.*, 258 F.3d 93, 106 (2d Cir. 2001) (holding New York Stock Exchange was immune from suit for tort claims from banned securities broker); *see also In re Series 7 Broker Qualification Exam Scoring Litig.*, 548 F.3d 110, 115 (D.C. Cir. 2008) ("Where courts accord

immunity to SROs, the protection has been absolute."). Plaintiff alleges that "the DTCC Defendants . . . implement[ed] a . . . chill or freeze order" and later transferred the Funds from "the DTCC Defendants to [the] Treasury." (Opp. at 12.) However, Plaintiff fails to allege how these actions fall outside of the DTCC Defendant's statutorily mandated responsibilities. Thus, as alleged, there is no basis for claims against the DTCC Defendants.[6]

## CONCLUSION

For the foregoing reasons and those contained in the Motion, the DTCC Defendants respectfully request that the Court grant their Motion and dismiss all claims against them with prejudice.

January 26, 2023

               Respectfully submitted,

               **PROSKAUER ROSE LLP**

               By: */s/ Margaret A. Dale*
                  Margaret A. Dale*
                  Timothy E. Burroughs*
                  11 Times Square
                  New York, NY 10036
                  Tel: (212) 969-3000
                  mdale@proskauer.com
                  tburroughs@proskauer.com

                  *Admitted *pro hac vice*

               By: */s/ Christopher E. Ondeck*
                  Christopher E. Ondeck,
                  1001 Pennsylvania Avenue, NW
                  Suite 600 South
                  Washington, DC 20004-2533

---

[6] Additionally, Plaintiff fails to plausibly allege any Fourth or Fifth Amendment violation by the DTCC Defendants. Assuming, *arguendo* that Plaintiff sufficiently pleads that the DTCC Defendants acted as the government's agents, the DTCC Defendants join and adopt the arguments raised in sections VI A and B of the Government's Motion.

Tel: (292) 416-5865
Fax: (202) 416-6899
COndeck@proskauer.com
D.C. Bar No. 454014

*Attorneys for Defendants*
*The Depository Trust Company and*
*The Depository Trust & Clearing*
*Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on January 26, 2023, I caused to be electronically filed The Reply in Support of The Depository Trust Company and The Depository Trust & Clearing Corporation's Motion to Dismiss the Complaint and this Certificate of Service with the Clerk of the Court using the CM/ECF e-file system, which will send notice of electronic filing to the parties.

Dated: January 26, 2023

By: */s/ Margaret A. Dale*
      Margaret A. Dale